■ NEW HOPE MISSIONARY BAPTIST CHURCH, INC., Appellant, et al., Plaintiff, v 466 LAFAYETTE, LTD., et al., Defendants, and RAJ MOHAN et al., Respondents. (And a Third-Party Action.) [24 NYS3d 698]—

In an action, inter alia, to quiet title to real property, the plaintiff New Hope Missionary Baptist Church, Inc., appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Bayne, J.), dated July 26, 2013, as, upon an order of the same court (Martin, J.) dated February 10, 2011, and upon an order of the same court (Bayne, J.) dated October 18, 2012, is in favor of the defendants Raj Mohan and Sujatha Mohan and against it, dismissing the complaint insofar as asserted against those defendants and declaring that those defendants have good, valid, and marketable title to the premises located at 466 Lafayette Avenue in Brooklyn.

Ordered that the order and judgment dated July 26, 2013, is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff New Hope Missionary Baptist Church, Inc. (hereinafter the plaintiff), commenced this action, inter alia, to quiet title to real property located at 466 Lafayette Avenue in Brooklyn (hereinafter 466 Lafayette Avenue) and 319 Nostrand Avenue in Brooklyn (hereinafter 319 Nostrand Avenue), alleging that a deed transferring those properties from the plaintiff to the defendant 466 Lafayette, Ltd. was invalid. In an order dated February 10, 2011, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was for summary judgment on its cause of action to quiet title to 466 Lafayette Avenue. In an order dated February 28, 2012, the court, inter alia, granted the motion of the plaintiff's counsel for leave to withdraw, and directed that the complaint would be dismissed with prejudice if the plaintiff failed to retain new counsel within 60 days or if such new counsel failed to serve a notice of appearance within 60 days.

On or about April 19, 2012, the plaintiff's former attorney, new attorney, and a representative of the plaintiff executed a document substituting the plaintiff's new attorney for its former attorney. The document stated "[i]t is acknowledged that the substitution is in connection with 319 Nostrand Avenue, Brooklyn, New York, solely and exclusively." By notice of motion dated October 11, 2012, the plaintiff moved, in effect, to vacate its default in complying with the order dated February 28, 2012, by failing to file a notice of appearance with respect to 466 Lafayette Avenue. In an order dated October 18,

2012, the Supreme Court denied the motion. The plaintiff now appeals from so much of an order and judgment dated July 26, 2013, as is in favor of the defendants Raj Mohan and Sujatha Mohan and against it, dismissing the complaint insofar as asserted against those defendants and declaring that those defendants have good, valid, and marketable title to 466 Lafayette Avenue.

Contrary to the respondents' contentions, the plaintiff's appeal from the order and judgment dated July 26, 2013, brings up for review the orders dated February 10, 2011, and October 18, 2012 (see CPLR 5501 [a] [1]; Oakes v Patel, 20 NY3d 633, 644 [2013]; Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 41-43 [2012]; Oparaji v Scheiner, 50 AD3d 753, 753-754 [2008]).

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on its cause of action to quiet title to 466 Lafayette Avenue. In opposition to the plaintiff's prima facie showing that its conveyance of 466 Lafayette Avenue to 466 Lafayette, Ltd., was invalid because it was made without leave of court (see Religious Corporations Law § 12 [1]; Matter of City of Hudson, 114 AD3d 1106, 1107 [2014]), the respondents raised a triable issue of fact regarding whether the conveyance should be approved by the court retroactively pursuant to Religious Corporations Law § 12 (9) (see Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc. v Congregation Yetev Lev D'Satmar, Inc., 9 NY3d 297, 301 [2007]; 112 E. 35th St., LLC v New York Socy. of the New Church, 114 AD3d 401, 402 [2014]).

The Supreme Court also properly denied that branch of the plaintiff's motion which was, in effect, to vacate its default in complying with the order dated February 28, 2012, by failing to file a notice of appearance with respect to 466 Lafayette Avenue. To prevail on the motion, the plaintiff was required to demonstrate a reasonable excuse for its failure to comply with the order and the existence of a potentially meritorious cause of action (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]; State Farm Mut. Auto. Ins. Co. v Anikeyeva, 130 AD3d 1007, 1008 [2015]; Estate of Alston v Ramseur, 124 AD3d 713 [2015]). Here, the plaintiff failed to demonstrate a reasonable excuse for its default in complying with the conditional order dated February 28, 2012 (see Vitolo v Suarez, 130 AD3d 610, 611-612 [2015]; Matter of Denton v City of Mount Vernon, 30 AD3d 600 [2006]). Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.