■ In the Matter of STATE OF NEW YORK, Appellant, v EZIKIEL R., Respondent. [48 NYS3d 181]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Ezikiel R., a sex offender allegedly requiring civil management, the petitioner appeals from (1) an order of the Supreme Court, Kings County (D'Emic, J.), dated March 5, 2015, which granted the motion of Ezikiel R. pursuant to CPLR 3211 (a) (7) to dismiss the petition, and (2) a judgment of the same court dated March 9, 2016, which, upon the order, dismissed the petition.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the order is vacated, the motion of Ezikiel R. pursuant to CPLR 3211 (a) (7) to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a probable cause hearing.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court, relying on *Matter of State of New York v Donald DD.* (24 NY3d 174 [2014]), dismissed the State of New York's petition for the civil management of Ezikiel R. on the ground that it failed to state a cause of action. This was error. It is true that a diagnosis of antisocial personality disorder does not, by itself, "distinguish the sex offender whose mental abnormality subjects him to civil commitment from the typical recidivist convicted in an ordinary criminal case" (*id.* at 189-190). Here, however, the petition alleges a mental abnormality based on a composite diagnosis of antisocial personality disorder and psychopathy, and is supported by expert evidence containing an additional diagnosis of conduct disorder, a provisional diagnosis of sexual sadism disorder, and a determination that Ezikiel R.'s actions were suggestive of his potential for deviant sexual behavior and/or sexual preoccupation. Under

these circumstances, the petition was facially valid and not subject to dismissal prior to a probable cause hearing (*see Matter of State of New York v Dennis K.*, 27 NY3d 718, 727 [2016]; *Matter of State of New York v Richard L.*, 143 AD3d 519 [2016]). Although the court at a probable cause hearing or the factfinder at trial may or may not be convinced by the expert evidence, the evidence was not so deficient as to warrant dismissal of the petition at this early juncture (*see Matter of State of New York v Richard L.*, 143 AD3d at 519). Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.