Matter of State of New York v Jermaine B. (2021 NY Slip Op 01052)





Matter of State of New York v Jermaine B.


2021 NY Slip Op 01052


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-11238
 (Docket No. 140/18)

[*1]In the Matter of State of New York, respondent,
v
Jermaine B. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Dennis B. Feld, and Timothy M. Riselvato of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Eric Del Pozo of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Jermaine B., a sex offender allegedly requiring civil management, Jermaine B. appeals from an order of the Supreme Court, Queens County (John B. Latella, J.), dated July 17, 2019. The order, upon a finding, made after a jury trial, that Jermaine B. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA), for the civil management of the appellant, a convicted sex offender whom the State alleged required civil management (see Mental Hygiene Law § 10.06[a]). A jury trial was held, after which the jury found that the appellant suffered from a mental abnormality as defined in SOMTA (see Mental Hygiene Law § 10.07; see also Mental Hygiene Law § 10.03[i]). Following a dispositional hearing, the Supreme Court determined that the appellant was a dangerous sex offender requiring civil confinement (see Mental Hygiene Law § 10.07[f]; see also Mental Hygiene Law § 10.03[e]), in effect, granted the petition, and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.
Contrary to the State's contention, the appeal from the final order dated July 17, 2019, brings up for review a nonfinal order dated June 19, 2018 (see CPLR 5501[a][1]; Oakes v Patel, 20 NY3d 633, 644; Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 41-43; New Hope Missionary Baptist Church, Inc. v 466 Lafayette, Ltd., 136 AD3d 695, 697).
Under CPLR 3025(b), leave to amend a pleading "shall be freely given." A party seeking leave to amend a pleading is not required to make a showing of merit in the proposed amendment (see Astro Air Corp. v L.D. Wenger Constr. Co., 178 AD3d 765, 766; Brannigan v Christie Overhead Door, 149 AD3d 892; Lucido v Mancuso, 49 AD3d 220, 229). Courts should [*2]grant leave to amend "[i]n the absence of prejudice or surprise resulting directly from the delay in seeking leave . . . unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d at 222; see Brannigan v Christie Overhead Door, 149 AD3d at 892).
Here, the State's proposed amended petition was not palpably insufficient or patently devoid of merit, and there was no prejudice or surprise to the appellant. Leave to amend the petition was sought prior to a probable cause hearing, and the proposed amended petition contained sufficient "statements alleging facts of an evidentiary character tending to support the allegation that the [appellant] is a sex offender requiring civil management" (Mental Hygiene Law § 10.06[a]; see Matter of State of New York v Richard L., 143 AD3d 519; Matter of State of New York v Armstrong, 119 AD3d 1431, 1432). Accordingly, the Supreme Court providently exercised its discretion in granting the State's cross motion for leave to amend the petition and, in light of the amendment, properly denied, as academic, the appellant's motion to dismiss the original petition (see D'Angelo v Kujawski, 164 AD3d 648, 650).
Contrary to the appellant's contention, the evidence was legally sufficient to support the jury's finding that he suffered from a mental abnormality within the meaning of Mental Hygiene Law § 10.03(i) (see Matter of State of New York v Floyd Y., 30 NY3d 963, 965; Matter of State of New York v Claude McC., 163 AD3d 686, 687), and the jury's verdict was not contrary to the weight of the evidence (see Matter of State of New York v Raul L., 120 AD3d 52). The Supreme Court also properly determined, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires confinement rather than strict and intensive supervision (see Mental Hygiene Law § 10.07[f]). The conflicting expert opinions regarding the appellant's level of dangerousness presented a credibility determination for resolution by the court (see Matter of State of New York v Scholtisek, 145 AD3d 1603, 1605; Matter of State of New York v Timothy JJ., 70 AD3d 1138, 1142).
The appellant's request for a missing witness charge with respect to Dr. Trevor Floyd, the psychiatric examiner from the New York State Office of Mental Health, was properly denied since the appellant failed to demonstrate that the witness would offer noncumulative testimony (see Matter of Adam K., 110 AD3d 168, 177).
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court