Matter of State of New York v Robert H. (2021 NY Slip Op 01982)





Matter of State of New York v Robert H.


2021 NY Slip Op 01982


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-05548
 (Index No. 231/16)

[*1]In the Matter of State of New York, respondent,
v
Robert H. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Ana Vuk-Pavlovic, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Caroline A. Olsen of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Robert H., a sex offender allegedly requiring civil management, Robert H. appeals from an order of the Supreme Court, Kings County (Dineen Riviezzo, J.), dated March 18, 2019. The order, upon a finding, made after a nonjury trial, that Robert H. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 2009, the appellant was convicted, inter alia, of attempted sexual abuse in the first degree, after he approached a woman on a subway platform, hit her in the face, and raped her. The appellant had previously been convicted of attempted rape in the first degree and assault in the second degree for two separate forcible rapes committed at knife point.
In November 2015, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 seeking civil management of the appellant. Following a nonjury trial on the issue of mental abnormality, the Supreme Court found that the State had proven, by clear and convincing evidence, that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i). After a dispositional hearing, the Supreme Court determined that the appellant was a dangerous sex offender requiring civil confinement (see Mental Hygiene Law §§ 10.03[e]; 10.07[f]), in effect, granted the petition, and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.
In reviewing a finding made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Matter of State of New York v Claude McC., 163 AD3d 686).
Here, contrary to the appellant's contention, the State presented clear and convincing evidence that the appellant suffered from a mental abnormality, as it proved that he suffered from several predicate disorders and linked those disorders, in combination, to his predisposition to commit conduct constituting a sex offense (see Matter of State of New York v Dennis K., 27 NY3d 718, 743-745; Matter of State of New York v Anthony B., 180 AD3d 688, 690-691). Further, the State demonstrated that the appellant had serious difficulty in controlling his sexual conduct based upon the interaction of these disorders and other factors, including, among other things, his failure to make meaningful progress in treatment and his commission of prison disciplinary infractions involving lewd behavior and threatening female staff members (see Matter of State of New York v Claude McC., 163 AD3d at 687). Although the appellant's expert witness disagreed with some of these conclusions, the Supreme Court's determination to credit the testimony of the State's expert witnesses instead of the testimony of the appellant's expert witness is supported by the record, and we find no basis to disturb it (see id.).
Finally, at the dispositional hearing, the State demonstrated, by clear and convincing evidence, that the appellant's level of dangerousness required confinement (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v James N., 171 AD3d 930, 932).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court