Matter of State of New York v Benjamin M. (2021 NY Slip Op 05971)





Matter of State of New York v Benjamin M.


2021 NY Slip Op 05971


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-14795
 (Index No. 4931/15)

[*1]In the Matter of State of New York, respondent, 
v
Benjamin M. (Anonymous), appellant.


Craig S. Leeds, New York, NY, for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Ari J. Savitzky of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Benjamin M., a sex offender allegedly requiring civil management, Benjamin M. appeals from an order of the Supreme Court, Orange County (Craig Stephen Brown, J.), dated October 26, 2018. The order, upon a finding, made after a nonjury trial (Nicholas De Rosa, J.), that Benjamin M. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing (Craig Stephen Brown, J.), that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 2011, the appellant was convicted, upon his plea of guilty, of criminal sexual act in the second degree for sexually abusing a 14-year-old girl. In June 2015, just days before the appellant's scheduled release from prison, the State of New York filed the instant petition pursuant to Mental Hygiene Law article 10 for civil management. Following a nonjury trial on the issue of mental abnormality, the Supreme Court found that the State had proven, by clear and convincing evidence, that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i). After a dispositional hearing, the court determined that the appellant was a dangerous sex offender requiring civil confinement (see Mental Hygiene Law §§ 10.03[e]; 10.07[f]), in effect, granted the petition, and directed that the appellant be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement. This appeal ensued.
In reviewing a finding made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (see Matter of State of New York v Robert H., 192 AD3d 1117).
Here, contrary to the appellant's contention, the State presented clear and convincing [*2]evidence that the appellant suffered from a mental abnormality, as it proved that he suffered from several predicate disorders and linked those disorders, in combination, to his predisposition to commit conduct constituting a sex offense (see Matter of State of New York v Dennis K., 27 NY3d 718, 743-745; Matter of State of New York v Robert H., 192 AD3d at 1119). Further, the State demonstrated that the appellant had serious difficulty in controlling his sexual conduct based upon the interaction of these disorders and other factors, including, among other things, his failure to make meaningful progress in treatment (see Matter of State of New York v Robert H., 192 AD3d at 1119). Although the appellant's expert witness disagreed with some of these conclusions, the Supreme Court's determination to credit the testimony of the State's expert witnesses instead of the testimony of the appellant's expert witness is supported by the record, and we find no basis to disturb it (see Matter of State of New York v Ted B., 174 AD3d 630; Matter of State of New York v Raul L., 120 AD3d 52).
At the dispositional hearing, the State demonstrated, by clear and convincing evidence, that the appellant is a dangerous sex offender requiring civil confinement in a secure facility (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Cleophus H., 139 AD3d 868; Matter of State of New York v Raul L., 120 AD3d 52). At that hearing, the State's expert testified that the appellant's deviant sexual interests, overall poor impulse control, cognitive distortions, failure to accept his status as a sex offender, indifference to rules, and antisocial attitudes and behaviors made it likely that he would sexually reoffend. The State also presented credible evidence that the appellant had failed to successfully engage in sex offender treatment and had not formulated an adequate relapse prevention plan (cf. Matter of State of New York v Michael M., 24 NY3d 649). Moreover, the State presented evidence that, during the course of this proceeding, the appellant left intimidating voicemails for the State's attorney and a psychiatrist working for the Office of Mental Health. This evidence demonstrated that the appellant had a continued inability to control his impulses (see Matter of State of New York v Leon F., 84 AD3d 1098, 1101).
The appellant's challenge to the Supreme Court's pretrial ruling that certain hearsay basis evidence would be admissible at trial (see Matter of State of New York v Floyd Y., 22 NY3d 95) is, for the most part, unpreserved for appellate review (see Matter of State of New York v Robert M., 133 AD3d 670; Matter of State of New York v Carl S., 125 AD3d 670). In any event, the contention is without merit (see Mental Hygiene Law § 10.08 [b]; Matter of State of New York v Charada T., 23 NY3d 355, 361; Matter of State of New York v John S., 23 NY3d 326, 331). Contrary to the appellant's contention, the Sixth Amendment right of confrontation applicable in criminal cases does not apply to this civil proceeding (see Matter of State of New York v John S., 23 NY3d at 342; Matter of State of New York v Walter J.R., 165 AD3d 1267; Matter of State of New York v Robert M., 133 AD3d 670).
Contrary to the appellant's contention, the Supreme Court providently exercised its discretion in permitting a certain witness to testify regarding the sexual offenses the appellant allegedly committed against her, as that testimony was relevant to the issue of whether the appellant suffered from a mental abnormality (cf. Matter of State of New York v Ian I., 127 AD3d 766, 769). Moreover, the probative value of such testimony outweighed its prejudicial impact (see Matter of State of New York v Steven L., 66 AD3d 788, 789). Further, the court providently exercised its discretion in denying that branch of the appellant's motion which was to depose that witness, as he "failed to demonstrate the need for such relief" (Matter of State of New York v Steven L., 66 AD3d at 789).
The appellant's contention that the Justice presiding over the nonjury trial should have recused himself, sua sponte, is unpreserved for appellate review (see Matter of State of New York v Leon F., 84 AD3d 1098). In any event, the claim is without merit. Absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of the need for recusal, and the decision is a matter of discretion and personal conscience (see People v Moreno, 70 NY2d 403, 405; Matter of State of New York v Leon F., 84 AD3d at 1100). Here, a review of the record reveals no suggestion of any judicial bias that would warrant recusal, reversal, and a new trial. Moreover, the trial judge, sitting as the finder of fact, is presumed to have considered only the competent evidence adduced at the trial in reaching his verdict (see People v Moreno, 70 NY2d at 406; People [*3]v Livingston, 184 AD2d 529, 530).
The appellant's contention that he was improperly excluded from two sidebar conferences at the nonjury trial is unpreserved for appellate review, as he raised no objection at trial (see People v Abodalo, 178 AD3d 1067, 1068). Moreover, neither conference "involved factual matters about which [the appellant] might have peculiar knowledge that would be useful in advancing the appellant's or countering the [State]'s position" (People v White, 41 AD3d 621, 622 [internal quotation marks omitted]). Thus, the sidebar conferences did not constitute a material stage of the proceeding.
Finally, the record, viewed in totality, shows that the appellant was not deprived of the effective assistance of counsel (see Matter of State of New York v Carl S., 125 AD3d 670).
HINDS-RADIX, J.P., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court