Matter of State of New York v Allan A. (2022 NY Slip Op 04632)

Matter of State of New York v Allan A.

2022 NY Slip Op 04632

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-08982
 (Index No. 40/17)

[*1]In the Matter of State of New York, respondent,
v
Allan A. (Anonymous), appellant.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Ana Vuk-Pavlovic, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Elizabeth A. Brody of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Allan A., a sex offender allegedly requiring civil management, Allan A. appeals from an order of the Supreme Court, Queens County (Kenneth C. Holder, J.), dated July 22, 2020. The order, upon a finding, made after a nonjury trial, that Allan A. was a detained sex offender who suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(g)(4) and (i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that Allan A. be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 1996, the appellant was convicted, upon a plea of guilty, of attempted burglary in the second degree, related to an incident in which he entered a victim's home and tried to sodomize him. In December 2016, days before the appellant's scheduled release from prison, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for civil management. Following a nonjury trial on the issue of mental abnormality, the Supreme Court found that the State had proven, by clear and convincing evidence, that the appellant was a detained sex offender who suffers from a mental abnormality as defined by Mental Hygiene Law § 10.03(g)(4) and (i). After a dispositional hearing, the court determined that the appellant was a dangerous sex offender requiring civil confinement (see id. §§ 10.03[e]; 10.07[f]), in effect, granted the petition, and directed that the appellant be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement. This appeal ensued.
The appellant did not preserve for appellate review his challenge to his waiver of the right to a jury trial on the issue of whether he suffers from a "mental abnormality" as defined by Mental Hygiene Law article 10 (see Matter of State of New York v Clyde J., 141 AD3d 723, 723). In any event, the contention is without merit. The record establishes that the Supreme Court conducted an on-the-record colloquy with the appellant, in simple language which accounted for his intellectual disability, before determining that the appellant, after an opportunity for consultation [*2]with counsel, was knowingly and voluntarily waiving his right to a jury trial on the issue of mental abnormality (see Matter of State of New York v Leslie L., 174 AD3d 1326, 1328; Matter of State of New York v Clyde J., 141 AD3d at 723-724; see also Mental Hygiene Law § 10.07[b]; cf. People v Patillo, 185 AD3d 46, 49).
Contrary to the appellant's contention, the Supreme Court did not violate his Fourteenth Amendment due process right to a fair trial by admitting into evidence, through the State's expert witnesses, hearsay evidence regarding a certain admission the appellant made to the court-appointed examiner concerning an uncharged sexual offense (see Matter of State of New York v Floyd Y., 22 NY3d 95, 109; Matter of State of New York v Bass, 119 AD3d 1356, 1357; cf. Matter of State of New York v Charada T., 23 NY3d 355, 361). The court also properly concluded that expert testimony on the condition of hypersexuality could be admitted into evidence, without the necessity for a Frye hearing (see Frye v U.S., 293 F 1013 [DC Cir]). "A court need not hold a Frye hearing where it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony" (People v LeGrand, 8 NY3d 449, 458). Here, the court properly relied upon the recent, comprehensive decision of the Supreme Court, Kings County, in Matter of State of New York v Victor H. (59 Misc 3d 1204[A], 2018 NY Slip Op 50369[U] [Sup Ct, Kings County]), which, following a seven-day Frye hearing, determined that hypersexuality is generally accepted as a condition within the relevant psychological community (see People v LeGrand, 8 NY3d at 458; cf. People v Williams, 35 NY3d 24, 38-39; see also Matter of State of New York v Shannon C., 68 Misc 3d 1211[A], 2020 NY Slip Op 50912[U] [Sup Ct, Kings County]).
In reviewing a finding made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment that it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing and hearing the witnesses (see Matter of State of New York v Benjamin M., 199 AD3d 690, 691).
Contrary to the appellant's contention, the expert testimony was legally sufficient to establish that the underlying felony of attempted burglary in the second degree was sexually motivated, i.e., that it was "committed in whole or in substantial part for the purpose of direct sexual gratification of the actor" (Mental Hygiene Law § 10.03[s]; see id. § 10.03[g][4]; [f]; Matter of State of New York v Trombley, 98 AD3d 1300, 1301). The experts were properly permitted to render an opinion on this issue based on hearsay basis evidence of the appellant's admissions (see Matter of State of New York v Floyd Y., 22 NY3d at 109).
The State presented clear and convincing evidence that the appellant suffers from a mental abnormality, as it proved that he suffers from several predicate disorders and linked those disorders, in combination, to his predisposition to commit conduct constituting a sex offense (see Matter of State of New York v Dennis K., 27 NY3d 718, 743-745; Matter of State of New York v Benjamin M., 199 AD3d at 691; Matter of State of New York v Robert H., 192 AD3d 1117, 1118-1119; Matter of State of New York v Anthony B., 180 AD3d 688, 690). Further, the State demonstrated that the appellant had serious difficulty in controlling his sexual conduct based upon the interaction of these disorders and other factors, including his regression during sex offender treatment, his repeated violations of parole soon after being released, and his commission of a prison disciplinary infraction involving the rape of another inmate (see Matter of State of New York v Robert H., 192 AD3d at 1119; Matter of State of New York v Claude McC., 163 AD3d 686, 687).
Finally, at the dispositional hearing, the State demonstrated, by clear and convincing evidence, that the appellant is a dangerous sex offender requiring civil confinement in a secure facility (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Benjamin M., 199 AD3d at 692). At that hearing, the State's expert testified that the appellant's overall poor impulse control, cognitive distortions and limitations, and antisocial attitudes and behaviors made it likely that he would sexually reoffend. There was also evidence that the appellant had regressed during sex offender treatment, had not formulated an adequate relapse prevention plan, and exhibited certain behaviors which indicated that he would not be able to comply with the rules of the strict and intensive supervision and treatment program (see Matter of State of New York v Robert F., 25 NY3d 448, 454-455; Matter of State of New York v Benjamin M., 199 AD3d at 692; Matter of State of New [*3]York v Leslie L., 174 AD3d at 1328).
Accordingly, the Supreme Court's determinations will not be disturbed.
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court