Matter of State of New York v Patrick F. (2023 NY Slip Op 03354)

Matter of State of New York v Patrick F.

2023 NY Slip Op 03354

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-06293
 (Index No. 1487/17)

[*1]In the Matter of State of New York, respondent,
v
Patrick F. (Anonymous), appellant.

Craig S. Leeds, New York, NY, for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Cleland B. Welton II of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Patrick F., a sex offender allegedly requiring civil management, Patrick F. appeals from an order of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), dated April 18, 2019. The order, upon a finding, made after a nonjury trial, that Patrick F. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 2013, the appellant was convicted, upon his plea of guilty, of criminal sexual act in the second degree for sexually abusing his son, beginning from when the child was 10 years of age. Prior to the appellant's scheduled release from prison, the State of New York commenced the instant proceeding pursuant to Mental Hygiene Law article 10 for civil management. Following a nonjury trial on the issue of mental abnormality, the Supreme Court found that the State had proven, by clear and convincing evidence, that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i). The court also determined, following a dispositional hearing, that the appellant was a dangerous sex offender requiring civil confinement (see Mental Hygiene Law §§ 10.03[e]; 10.07[f]), in effect, granted the petition and directed that the appellant be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement. This appeal ensued.
In reviewing a finding made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment that it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Matter of State of New York v Robert H., 192 AD3d 1117). Here, contrary to the appellant's contention, the State presented clear and convincing evidence that the appellant suffered from a mental abnormality, as it proved that he suffered from several predicate disorders and linked those disorders, in combination, to his predisposition to commit conduct constituting a sex offense (see Matter of State of New York v Dennis K., 27 NY3d 718, 743-745; Matter of State of New York v Robert H., 192 AD3d at 1119). Further, the State demonstrated that the appellant had serious difficulty in controlling his sexual conduct based upon the interaction of these disorders and other [*2]factors, including, among other things, his failure to make meaningful progress in treatment (see Matter of State of New York v Robert H., 192 AD3d at 1119). Moreover, the Supreme Court's determination to credit the testimony of the State's expert witness is supported by the record, and we find no basis to disturb it (see Matter of State of New York v Ted B., 174 AD3d 630; Matter of State of New York v Raul L., 120 AD3d 52).
At the dispositional hearing, the State demonstrated, by clear and convincing evidence, that the appellant was a dangerous sex offender requiring civil confinement in a secure facility (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Benjamin M., 199 AD3d 690, 690-693; Matter of State of New York v Raul L., 120 AD3d 52). At that hearing, the State's expert testified that the appellant's deviant sexual interests, overall poor impulse control, cognitive distortions, characterization of children, including his own, as a catalyst for his sexually-offensive behavior, and antisocial attitudes and behaviors, made it likely that he would sexually reoffend. The State also presented credible evidence that the appellant had failed to successfully engage in sex offender treatment, had not formulated an adequate relapse prevention plan (cf. Matter of State of New York v Michael M., 24 NY3d 649), and had a continued inability to control his impulses (see Matter of State of New York v Benjamin M., 199 AD3d at 690-693; Matter of State of New York v Leon F., 84 AD3d 1098, 1101).
The record, viewed in totality, demonstrates that, contrary to his contention, the appellant was not deprived of the effective assistance of counsel (see Matter of State of New York v Carl S., 125 AD3d 670).
The appellant's remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court