Matter of State of New York v Shannon C. (2023 NY Slip Op 05003)

Matter of State of New York v Shannon C.

2023 NY Slip Op 05003

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-09116
 (Index No. 3313/19)

[*1]In the Matter of State of New York, respondent,
v
Shannon C. (Anonymous), appellant.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Dennis B. Feld, and Stephanie Aris of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Elizabeth A. Brody of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Shannon C., a sex offender allegedly requiring civil management, Shannon C. appeals from an order of the Supreme Court, Kings County (Miriam Cyrulnik, J.), dated October 4, 2021. The order, upon a finding, made after a nonjury trial, that Shannon C. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 2017, the appellant was convicted, upon his plea of guilty, of promoting a sexual performance by a child as a sexually motivated felony, for uploading to the internet 16 images of underage boys engaging in sex acts. Prior to the appellant's release from prison, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant (see id. § 10.06[a]). A nonjury trial was held, after which the Supreme Court found that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i) (see id. § 10.07). Following a dispositional hearing, the court determined that the appellant was a dangerous sex offender requiring civil confinement (see id. § 10.07[f]; see also § 10.03[e]), in effect, granted the petition, and directed that the appellant be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement. This appeal ensued.
Contrary to the appellant's contention, the Supreme Court did not err by admitting into evidence during the trial the provisional diagnosis of frotteuristic disorder made by one of the State's experts, which was used by her in formulating her opinion that the appellant suffered from a mental abnormality as defined by Mental Hygiene Law § 10.03(i) (see Matter of State of New York v Steven M., 159 AD3d 1421, 1422; Matter of State of New York v Ezikiel R., 147 AD3d 959, 959; Matter of State of New York v Derrick B., 68 AD3d 1124, 1126). The court also properly concluded that expert testimony on the condition of hypersexuality could be admitted into evidence without the [*2]necessity of a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]). "A court need not hold a Frye hearing where it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony" (People v LeGrand, 8 NY3d 449, 458). Here, the court properly relied upon the recent, comprehensive decision of the Supreme Court, Kings County in Matter of State of New York v Victor H. (59 Misc 3d 1204[A], 2018 NY Slip Op 50369[U] [Sup Ct, Kings County]), which, following a seven-day Frye hearing, determined that hypersexuality is generally accepted as a condition within the relevant psychological community (see Matter of State of New York v Allan A., 207 AD3d 635, 637).
"In reviewing a finding made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses" (Matter of State of New York v Benjamin M., 199 AD3d 690, 691; see Matter of State of New York v Gary C., 169 AD3d 1054, 1054).
The State presented clear and convincing evidence that the appellant suffered from a mental abnormality, as it proved that he suffered from several predicate disorders and linked those disorders, in combination, to his predisposition to commit conduct constituting a sex offense (see Matter of State of New York v Allan A., 207 AD3d at 638; Matter of State of New York v Geoffrey P., 196 AD3d 588, 589). Further, the State demonstrated, by clear and convincing evidence, that the appellant had serious difficulty in controlling his sexual conduct based upon the interaction of these disorders and other factors including, among other things, his failure to make meaningful progress in treatment (see Matter of State of New York v Allan A., 207 AD3d at 638; Matter of State of New York v Benjamin M., 199 AD3d at 691). The Supreme Court also properly determined after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires confinement rather than strict and intensive supervision (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Patrick F., 217 AD3d 870, 872). The conflicting expert opinions regarding the appellant's level of dangerousness presented a credibility determination for resolution by the court and the court's credibility determination was supported by the record (see Matter of State of New York v Jermaine B., 191 AD3d 888, 889; Matter of State of New York v Ted B., 174 AD3d 630, 632).
Contrary to the appellant's contention, the Supreme Court properly admitted into evidence during the dispositional hearing the addendum report of one of the State's experts, in lieu of her testimony, because the State made a sufficient showing that the expert was unavailable to testify (see Mental Hygiene Law § 10.08[g]).
The appellant's remaining contention is unpreserved for appellate review and, in any event, without merit.
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court