Matter of State of New York v Victor H. (2024 NY Slip Op 04968)

Matter of State of New York v Victor H.

2024 NY Slip Op 04968

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2021-09242
 (Index No. 117/14)

[*1]In the Matter of State of New York, respondent,
v
Victor H. (Anonymous), appellant.

Randall D. Unger, Kew Gardens, NY, for appellant.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and Anagha Sundararajan of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Victor H., a sex offender allegedly requiring civil management, Victor H. appeals from an order of the Supreme Court, Kings County (Laura R. Johnson, J.), dated November 24, 2021. The order, upon a finding, made after a nonjury trial, that Victor H. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 1992, the appellant was convicted, upon his pleas of guilty, of two counts of rape in the first degree related to separate incidents in 1990 and 1991 in which he entered the apartments of two women through the fire escape and raped them. In December 2013, prior to the appellant's release from prison, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant (see id. § 10.06[a]). Prior to trial, the Supreme Court conducted a seven-day Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]) to determine whether the condition of hypersexuality has gained general acceptance in the psychiatric and psychological communities. At the conclusion of the hearing, the court determined that the condition of hypersexuality has gained general acceptance in the psychiatric and psychological communities, and permitted expert testimony regarding that condition. A nonjury trial was held, after which the court found that the appellant suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i). Following a dispositional hearing, the court determined that the appellant is a dangerous sex offender requiring civil confinement (see id. § 10.07[f]; see also § 10.03[e]), in effect, granted the petition, and directed that the appellant be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement. This appeal ensued.
"'New York courts permit expert testimony based on scientific principles or procedures only after the principle, procedure, or theory has gained general acceptance in the relevant scientific field'" (Matter of State of New York v Marcello A., 180 AD3d 786, 790, quoting Matter [*2]of State of New York v Hilton C., 158 AD3d 707, 709; see People v Wesley, 83 NY2d 417, 422; Frye v United States, 293 F 1013). "Under the Frye standard, the burden of proving general acceptance rests upon the party offering the disputed expert testimony" (Matter of State of New York v Hilton C., 158 AD3d at 709; see Cumberbatch v Blanchette, 35 AD3d 341, 342-343; Zito v Zabarsky, 28 AD3d 42, 44). "The test of reliability is 'not whether a particular procedure is unanimously indorsed by the scientific community, but whether it is generally acceptable as reliable'" (Matter of State of New York v Marcello A., 180 AD3d at 790, quoting People v Middleton, 54 NY2d 42, 49). Here, the record supports the Supreme Court's conclusion, following the Frye hearing, that the condition of hypersexuality has gained general acceptance in the psychiatric and psychological communities so as to make expert testimony on the condition of hypersexuality admissible at the trial (see Matter of State of New York v Marcello A., 180 AD3d at 790; see also Matter of State of New York v Shannon C., 220 AD3d 712, 713; Matter of State of New York v Allan A., 207 AD3d 635, 637).
Contrary to the appellant's contention, under the circumstances of this case, the Supreme Court properly determined that he forfeited his right to counsel at trial by his "persistent pattern of threatening, abusive, obstreperous, and uncooperative behavior with successive assigned counsel" (People v Sloane, 262 AD2d 431, 432; see People v Shanks, 37 NY3d 244, 253; People v Cooper, 128 AD3d 1431, 1433; People v Wilkerson, 294 AD2d 298, 299; People v Gilchrist, 239 AD2d 306).
The appellant's remaining contention is without merit.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court