Matter of State of New York v Nathanael W. (2025 NY Slip Op 00102)

Matter of State of New York v Nathanael W.

2025 NY Slip Op 00102

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-01683
 (Index No. 105/20)

[*1]In the Matter of State of New York, respondent,
v
Nathanael W. (Anonymous), appellant.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Laura Rothschild, Dennis B. Feld, and Timothy Riselvato of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and Blair J. Greenwald of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Nathanael W., a sex offender allegedly requiring civil management, Nathanael W. appeals from an order of the Supreme Court, Queens County (Stephen A. Knopf, J.), dated October 26, 2022. The order, upon a finding, entered on consent, that Nathanael W. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 2014, the appellant was convicted, upon his pleas of guilty, of two counts of sexual abuse in the first degree. In 2020, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant. The appellant consented to a finding that he suffers from a mental abnormality within the meaning of Mental Hygiene Law § 10.03(i). Following a dispositional hearing, the Supreme Court determined that the appellant is a dangerous sex offender requiring civil confinement. The court, in effect, granted the petition and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement. This appeal ensued.
"In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case, the trial or hearing judge had the advantage of seeing and hearing the witnesses" (Matter of State of New York v Abdul A., 123 AD3d 1047, 1048; see Matter of State of New York v Richard J., 186 AD3d 491). A "dangerous sex offender requiring confinement" is defined under Mental Hygiene Law article 10 as "a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (id. § 10.03[e]). "The State must establish by clear and convincing evidence that the appellant is a [*2]dangerous sex offender requiring confinement" (Matter of State of New York v Clyde J., 141 AD3d 723, 724; see Mental Hygiene Law § 10.07[f]).
Here, the Supreme Court properly determined that the State demonstrated, by clear and convincing evidence, that the appellant's level of dangerousness requires confinement rather than strict and intensive supervision (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Shannon C., 220 AD3d 712, 714). At the dispositional hearing, the State presented credible evidence that the appellant had failed to formulate an adequate relapse prevention plan and had a continued inability to control his impulses (see Matter of State of New York v Anthony A., 219 AD3d 1524, 1526; Matter of State of New York v Patrick F., 217 AD3d 870, 872). The conflicting expert opinions regarding the appellant's level of dangerousness presented a credibility determination for resolution by the court, and the court's credibility determination was supported by the record (see Matter of State of New York v Shannon C., 220 AD3d at 714; Matter of State of New York v Jermaine B., 191 AD3d 888, 889).
The appellant's remaining contentions are unpreserved for appellate review.
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court