Matter of State of New York v Langston F. (2025 NY Slip Op 01637)

Matter of State of New York v Langston F.

2025 NY Slip Op 01637

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-03050
2021-03070
 (Index No. 1363/19)

[*1]In the Matter of State of New York, respondent,
v
Langston F. (Anonymous), appellant.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Arthur A. Baer, Dennis B. Feld, and Felicia Rosen of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Andrea W. Trento of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Langston F., a sex offender allegedly requiring civil management, Langston F. appeals from (1) a decision of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated March 8, 2021, and (2) an order of the same court dated March 25, 2021. The order, upon the decision, and upon a finding, made after a nonjury trial, that Langston F. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a sex offender requiring strict and intensive supervision and treatment, in effect, granted the petition and released Langston F. to the New York State Department of Corrections and Community Supervision to supervise his regimen of strict and intensive supervision and treatment.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
In 2006, when the appellant was 12 years old, he was arrested for sexually abusing his young foster brother. For the appellant's acts, he was adjudicated a juvenile delinquent. The appellant was placed in the custody of the Office of Children and Family Services (hereinafter OCFS) for a period of 18 months and was required to participate in sex offender treatment. The appellant remained in OCFS's custody until he aged out of the program in 2012.
Approximately four months after his release from OCFS's custody, the appellant, then 19 years old, sexually abused his girlfriend's 7-year-old cousin. The appellant subsequently was arrested and convicted, upon his plea of guilty, of criminal sexual act in the first degree. He was sentenced to a determinate term of imprisonment of 7 years, to be followed by a period of 10 years of postrelease supervision.
Prior to the appellant's release from prison, the State of New York commenced this [*2]proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA), for the civil management of the appellant (see Mental Hygiene Law § 10.06[a]). Following a nonjury trial, the Supreme Court found that the appellant suffered from a mental abnormality as defined in SOMTA (see id. §§ 10.03[i]; 10.07). Following a dispositional hearing, the court determined that the appellant was a sex offender requiring strict and intensive supervision and treatment (hereinafter SIST), in effect, granted the petition, and released the appellant to the New York State Department of Corrections and Community Supervision to supervise his regimen of SIST. This appeal ensued.
"In reviewing a finding made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses" (Matter of State of New York v Robert H., 192 AD3d 1117, 1118; see Matter of State of New York v Richard J., 186 AD3d 491, 491-492).
Mental Hygiene Law § 10.03(i) defines a "mental abnormality" as a "congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct." "The State bears the burden of proving a mental abnormality by clear and convincing evidence and must present expert testimony to prove 'a congenital or acquired condition, disease or disorder'" (Matter of State of New York v Timothy R., 168 AD3d 146, 150, quoting Mental Hygiene Law § 10.03[i]; see Matter of State of New York v Kerry K., 222 AD3d 655, 657). To support a mental abnormality finding, the mental abnormality must be current (see Matter of State of New York v John S., 23 NY3d 326, 348).
Here, contrary to the appellant's contention, the State proved that the appellant suffered from a mental abnormality, as it proved that he suffered from borderline personality disorder and antisocial personality disorder and linked those disorders, in combination, to his predisposition to commit conduct constituting a sex offense (see Matter of State of New York v Dennis K., 27 NY3d 718, 744; Matter of State of New York v Robert H., 192 AD3d at 1118-1119). Further, the State demonstrated that the appellant had serious difficulty in controlling his sexual conduct based upon the interaction of these disorders and other factors, including, among other things, his history of sexually abusing a prepubescent male, even while in a relationship with a 16-year-old female (see Matter of Luis S. v State of New York, 166 AD3d 1550, 1552), his failure to make meaningful progress in treatment, and his commission of disciplinary infractions while institutionalized, including threatening conduct toward a female staff member and engaging in sexually inappropriate behaviors (see Matter of State of New York v Robert H., 192 AD3d at 1119; Matter of State of New York v Claude McC., 163 AD3d 686, 687). Although the appellant's expert witness disagreed with these conclusions, the Supreme Court's determination to credit the testimony of the State's expert witnesses instead of the testimony of the appellant's expert witness is supported by the record, and we find no basis to disturb it (see Matter of State of New York v Benjamin M., 199 AD3d 690, 691-692; Matter of State of New York v Robert H., 192 AD3d at 1119).
The appellant's remaining contention is not properly before this Court.
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court