■ In the Matter of MICHAEL R., Appellant, v STATE OF NEW YORK, Respondent. [11 NYS3d 667]—In a proceeding pursuant to Mental Hygiene Law article 10, Michael R., an adjudicated sex offender suffering from a mental abnormality requiring civil management, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ozzi, J.), dated July 22, 2014, as, upon a decision of the same court dated May 16, 2014, made after a hearing, denied that branch of his petition which was for the termination of his "strict and intensive supervision and treatment" regimen.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On a petition for termination of a regimen of "strict and intensive supervision and treatment," "the attorney general shall have the burden of showing by clear and convincing evidence that the respondent is currently a sex offender requiring civil management" (Mental Hygiene Law § 10.11 [h]). A "sex offender requiring civil management" is a "sex offender who suffers from a mental abnormality" (Mental Hygiene Law § 10.03 [q]), which is defined as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]). Here, the Supreme Court properly determined that the respondent established, by clear and convincing evidence, that the appellant currently suffers from a "mental abnormality" and, thus, continues to require civil management in the form of a regimen of "strict and intensive supervision and treatment" (see Mental Hygiene Law §§ 10.03 [i]; 10.11 [h]; cf. Matter of Groves v State of New York, 124 AD3d 1213 [2015]). Rivera, J.P., Skelos, Roman and LaSalle, JJ., concur.