■ In the Matter of STATE OF NEW YORK, Respondent, v STANLEY D., Appellant. [38 NYS3d 808]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Stanley D., an adjudicated sex offender previously determined to have been suffering from a mental abnormality requiring civil management, Stanley D. appeals, as limited by his brief, from so much an order of the

Supreme Court, Westchester County (Cacace, J.), dated May 29, 2015, as, after a hearing, denied his petition to terminate his strict and intensive supervision and treatment.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the petition is granted.

Prior to the appellant's release from prison, where he was incarcerated for sex offenses, the State of New York commenced a proceeding pursuant to Mental Hygiene Law article 10 seeking civil management of the appellant. At that time, following a jury trial, the jury found that the appellant suffered from a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i) and he was committed to a psychiatric facility from 2007 through 2011. In 2011, the appellant was released from the psychiatric facility and placed on strict and intensive supervision and treatment (hereinafter SIST), pursuant to Mental Hygiene Law § 10.03 (r). In 2014, the appellant petitioned the Supreme Court for a termination of SIST. After a hearing, the court modified the terms of the appellant's SIST regimen and denied his petition for termination of SIST.

A "[s]ex offender requiring strict and intensive supervision" is defined as a "detained sex offender who suffers from a mental abnormality but is not a dangerous sex offender requiring confinement" (Mental Hygiene Law § 10.03 [r]). The Mental Hygiene Law defines "mental abnormality" as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]). Pursuant to Mental Hygiene Law § 10.11 (f), one may seek modification or termination of SIST and its conditions once every two years, upon which petition the State continues to bear the burden of showing, by clear and convincing evidence, that the offender continues to be a sex offender requiring civil management (see *Matter of State of New York v Nelson D.*, 22 NY3d 233, 243 [2013]).

As the appellant correctly argues, the State, upon his petition, failed to establish by clear and convincing evidence that the appellant had "serious difficulty in controlling" himself from committing sex offenses within the meaning of Mental Hygiene Law § 10.03 (i). The only evidence in the record was that, while the appellant had a long history of committing sex offenses, the appellant had not committed any offense since 2002, had complied with all of his SIST requirements, and had

been successful in treatment, where he learned and used skills and modalities to help him control himself from engaging in criminal sexual conduct (*see Matter of State of New York v Frank P.*, 126 AD3d 150 [2015]; *cf. Matter of Michael R. v State of New York*, 129 AD3d 978 [2015]). Accordingly, the appellant's petition to terminate his SIST should have been granted. Chambers, J.P., Hall, Austin and Sgroi, JJ., concur.