Matter of State of New York v Ronald S. (2020 NY Slip Op 04845)





Matter of State of New York v Ronald S.


2020 NY Slip Op 04845


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-02417
 (Index No. 1557/14)

[*1]In the Matter of State of New York, respondent,
v
Ronald S. (Anonymous), appellant.


Richard M. Langone, Mineola, NY, for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Scott A. Eisman of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Ronald S., a sex offender allegedly requiring civil management, Ronald S. appeals from an order of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), dated February 3, 2016. The order, upon a finding, made after a nonjury trial, that Ronald S. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement. By decision and order on motion dated August 9, 2017, this Court remitted the matter to the Supreme Court, Nassau County, for the purpose of conducting a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]) to resolve the question of whether the diagnosis of paraphilia not otherwise specified (nonconsent) has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible, and thereafter to report to this Court, and held the appeal in abeyance in the interim (see Matter of State of New York v Ronald S., 2017 NY Slip Op 82318[U] [2d Dept]). The Supreme Court, Nassau County (Robert A. McDonald, J.), has now filed its report.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of mental abnormality in accordance herewith and, if necessary, a new dispositional hearing.
In June 2013, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant. Two psychologists evaluated the appellant at the State's request and issued reports and testified that they diagnosed the appellant as suffering from, among other things, paraphilia not otherwise specified (nonconsent) (hereinafter PNOS [nonconsent]) and other specified paraphilic disorder (biastophilia or nonconsent), with sexually sadistic traits in a controlled environment (hereinafter OSPD [biastophilia or nonconsent] with sexually sadistic traits). The appellant moved, inter alia, for a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]) to determine whether the diagnosis of PNOS (nonconsent) had achieved general acceptance in the psychiatric and psychological communities. The Supreme Court denied the appellant's motion.
After a nonjury trial, the appellant was found to suffer from a "mental abnormality" as that phrase is defined in Mental Hygiene Law § 10.03(i). At the conclusion of a dispositional hearing, the Supreme Court determined that the appellant is currently a dangerous sex offender requiring civil confinement. In the order appealed from, the court, in effect, granted the petition and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.
By decision and order on motion dated August 9, 2017, this Court remitted the matter to the Supreme Court, Nassau County, for the purpose of conducting a Frye hearing to resolve the question of whether the diagnosis of PNOS (nonconsent) has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible, and thereafter to report to this Court, and held the appeal in abeyance in the interim (see Matter of State of New York v Ronald S., 2017 NY Slip Op 82318[U] [2d Dept]). Prior to the commencement of the Frye hearing, the appellant and the State stipulated that the Supreme Court would also address whether the diagnosis of other specified paraphilic disorder (nonconsent) (hereinafter OSPD [nonconsent]), the successor diagnosis to PNOS (nonconsent), has achieved general acceptance in the psychiatric and psychological communities. The Supreme Court has filed its report, in which it found that the State failed to establish that the diagnoses of PNOS (nonconsent) and OSPD (nonconsent) are generally accepted in the psychiatric and psychological communities.
New York courts permit expert testimony based on scientific principles or procedures only after the principle, procedure, or theory has gained general acceptance in the relevant scientific field (see People v Wesley, 83 NY2d 417, 422; Frye v United States, 293 F 1013). Under the Frye standard, the burden of proving general acceptance rests upon the party offering the disputed expert testimony (see Matter of State of New York v Anthony B., 180 AD3d 688, 689; Matter of State of New York v Richard S., 158 AD3d 710, 712). The test of reliability is "not whether a particular procedure is unanimously indorsed by the scientific community, but whether it is generally accept[ed] as reliable" (People v Middleton, 54 NY2d 42, 49). "The general acceptance of novel scientific evidence such as a psychological syndrome may be established through texts and scholarly articles on the subject, expert testimony, or court opinions finding the evidence generally accepted in the relevant scientific community" (People v Wernick, 215 AD2d 50, 52, affd 89 NY2d 111).
Here, the record supports the Supreme Court's conclusion that the State failed to establish that the diagnoses of PNOS (nonconsent) and its successor diagnosis, OSPD (nonconsent), are generally accepted in the psychiatric and psychological communities. The evidence at the Frye hearing established that the diagnoses were repeatedly rejected for inclusion in the Diagnostic and Statistical Manual of Mental Disorders (hereinafter DSM), and that no consensus on the validity of the diagnoses had been reached subsequent to the publication of the latest edition of the DSM in 2013. There was no clear definition or criteria for the diagnoses. Accordingly, the court erred in admitting evidence of the PNOS (nonconsent) and OSPD (nonconsent) diagnoses at the appellant's trial.
Moreover, the error was not harmless. At the mental abnormality trial, the State's experts testified that in addition to having diagnosed the appellant with PNOS (nonconsent) and OSPD (biastophilia or nonconsent) with sexually sadistic traits, they diagnosed him with antisocial personality disorder (hereinafter ASPD) and personality disorder not otherwise specified, with antisocial and borderline traits. ASPD, by itself, is insufficient to establish mental abnormality as defined by the statute (see Matter of State of New York v Anthony B., 180 AD3d at 690; Matter of State of New York v Timothy R., 168 AD3d 146, 150-151). Additionally, the diagnosis of personality disorder not otherwise specified, with antisocial and borderline traits, is insufficient to establish a mental abnormality as defined by the statute (see Mental Hygiene Law § 10.03[i]). Consequently, the matter must be remitted to the Supreme Court, Nassau County, for a new trial on the issue of mental abnormality, excluding evidence of the PNOS (nonconsent) and OSPD (nonconsent) diagnoses, and, if necessary, a new dispositional hearing.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court