Matter of Patrick S. v State of New York (2020 NY Slip Op 06271)





Matter of Patrick S. v State of New York


2020 NY Slip Op 06271


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-03176
 (Index No. 321/17)

[*1]In the Matter of Patrick S. (Anonymous), appellant,
v
State of New York, respondent.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Timothy M. Riselvato, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Linda Fang of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10, Patrick S., an adjudicated sex offender suffering from a mental abnormality requiring civil management, appeals from stated portions of an amended order of the Supreme Court, Westchester County (Susan Cacace, J.), dated January 15, 2019. The amended order, upon a decision of the same court dated July 9, 2018, made after a hearing, inter alia, denied that branch of his petition which was for the termination of his strict and intensive supervision and treatment regimen.
ORDERED that the amended order is affirmed insofar as appealed from, without costs or disbursements.
The appellant previously was convicted of sex offenses. In 2010, he consented to a finding that he was a detained sex offender who suffered from a mental abnormality requiring civil management, and he was committed to a psychiatric facility. Approximately two years later, the Supreme Court, St. Lawrence County, found that the appellant should be managed through a regimen of strict and intensive supervision and treatment (hereinafter SIST). In 2017, the appellant petitioned the Supreme Court, Westchester County, for a termination of SIST or, in the alternative, for the termination or modification of several of his SIST conditions. Following a hearing, the court found that the appellant continued "to be a sex offender requiring civil management in the form of SIST supervision." The court then held a hearing on the issue of modifying the appellant's SIST conditions. In an amended order, the court modified or terminated several of the contested SIST conditions and denied several of the appellant's requested changes. The appellant appeals.
"On a petition for termination of a regimen of [SIST], 'the attorney general shall have the burden of showing by clear and convincing evidence that the respondent is currently a sex offender requiring civil management'" (Matter of Michael R. v State of New York, 129 AD3d 978, 978, quoting Mental Hygiene Law § 10.11[h]). "A 'sex offender requiring civil management' is a 'sex offender who suffers from a mental abnormality' (Mental Hygiene Law § 10.03[q]), which is defined as 'a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious [*2]difficulty in controlling such conduct' (Mental Hygiene Law § 10.03[i])" (Matter of Michael R. v State of New York, 129 AD3d at 978).
Here, contrary to the appellant's contention, there was legally sufficient evidence that he continued to suffer from a mental abnormality under Mental Hygiene Law § 10.03(i), as there was a valid line of reasoning to support that finding (see Matter of State of New York v Carl S., 125 AD3d 670, 671-672). Moreover, this finding was not contrary to the weight of the evidence, as it was supported by a fair interpretation of the evidence (see id.). In particular, there was evidence that the appellant's conditions of pedophilic disorder, borderline personality disorder, and other specified personality disorder with antisocial and narcissistic traits, considered in conjunction with his continued deception and failure to progress in sex offender treatment, resulted in him "having serious difficulty in controlling" conduct constituting sex offenses (Mental Hygiene Law § 10.03[i]; see Matter of State of New York v Claude McC., 163 AD3d 686, 687). That there was no evidence of sex-related misconduct during the appellant's time on SIST was not dispositive (see Matter of State of New York v Larry B., 113 AD3d 865, 867). Further, although the State's expert and the appellant's expert offered conflicting opinions, the Supreme Court's determination to credit the testimony of the State's expert witness is supported by the record, and we find no basis to disturb it (see Matter of State of New York v Claude McC., 163 AD3d at 687).
The appellant's challenges to various SIST conditions are either unpreserved for appellate review or without merit (see Mental Hygiene Law § 10.11[g]; Matter of State of New York v Eric P., 125 AD3d 669, 670).
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court