Matter of State of New York v Francisco R. (2021 NY Slip Op 08189)





Matter of State of New York v Francisco R.


2021 NY Slip Op 08189


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-09740
 (Index No. 351/18)

[*1]In the Matter of State of New York, respondent,
v
Francisco R. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Timothy M. Riselvato, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Blair J. Greenwald of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Francisco R., a sex offender allegedly requiring civil management, Francisco R. appeals from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated June 27, 2019. The order, upon a finding, made after a jury trial, that Francisco R. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that order is affirmed, without costs or disbursements.
Prior to the appellant's release from prison, where he was incarcerated for, inter alia, rape in the first degree (three counts) and sodomy in the first degree (two counts), the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, seeking the civil management of the appellant. Following a jury trial, the jury found that the appellant suffered from a mental abnormality within the meaning of Mental Hygiene Law § 10.03(i). After a dispositional hearing, the Supreme Court determined that the appellant is a dangerous sex offender requiring civil management, rather than strict and intensive supervision and treatment, and committed him to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.
"Mental Hygiene Law article 10 is designed to reduce the risks posed by, and to address the treatment needs of, sex offenders who suffer from mental abnormalities that predispose them to commit repeated sex crimes" (Matter of State of New York v Dennis K., 27 NY3d 718, 726; see Mental Hygiene Law §§ 10.01[b]; 10.03[i]; Matter of State of New York v Marcello A., 180 AD3d 786, 788). "The law defines 'mental abnormality' as 'a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct'" (Matter of State of New York v Marcello A., 180 AD3d at 788, quoting Mental Hygiene Law § 10.03[i]). Thus, "not only [*2]must the State establish by clear and convincing evidence the existence of a predicate 'condition, disease or disorder,' it must also link that 'condition, disease or disorder' to a person's predisposition to commit conduct constituting a sex offense and to that person's 'serious difficulty in controlling such conduct'" (Matter of State of New York v Dennis K., 27 NY3d at 726; Matter of State of New York v Marcello A., 180 AD3d at 788 [internal quotation marks omitted]).
Contrary to the appellant's contention, the jury verdict was supported by legally sufficient evidence, since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and the verdict was not contrary to the weight of the evidence, as it was supported by a fair interpretation of the evidence (see Matter of State of New York v Robert M., 133 AD3d 670, 671; Matter of State of New York v Ian I., 127 AD3d 766, 767-768; Matter of State of New York v David M., 120 AD3d 1423, 1424).
Although a civil commitment under Mental Hygiene Law article 10 may not be based solely on a diagnosis of antisocial personality disorder (hereinafter ASPD), together with evidence of sexual crimes (see Matter of State of New York v Donald DD., 24 NY3d 174, 189), here, the State's expert diagnosed the appellant with a combination of mental disorders, including ASPD, psychopathy, four substance use disorders, and a detailed psychological portrait, that altogether demonstrated that the appellant had serious difficulty in controlling his sex-offending conduct (see id. at 188; Matter of State of New York v Marcello A., 180 AD3d at 789). The State's expert testified that the appellant's present lack of control was evidenced by his continuing to masturbate to fantasies about his last rape victim, his masturbating up to twice a day, and the fact that he viewed pornography despite being in a sex offender program and living in a controlled environment. He further testified that the appellant's predisposition was so strong that, while he was incarcerated, he stalked a mental health counselor.
Contrary to the appellant's contention, the Supreme Court providently exercised its discretion in allowing the State's expert to give hearsay basis testimony regarding, inter alia, the appellant's stalking of the mental health counselor. "In article 10 trials, hearsay basis evidence is admissible if it satisfies two criteria. First, the proponent must demonstrate through evidence that the hearsay is reliable. Second, the court must determine that the probative value in helping the jury evaluate the [expert's] opinion substantially outweighs [its] prejudicial effect (cf. Fed Rules Evid rule 703)" (Matter of State of New York v Floyd Y., 22 NY3d 95, 109 [internal quotation marks omitted]; see Matter of State of New York v Charada T., 23 NY3d 355; Matter of State of New York v John S., 23 NY3d 326). Here, the State established the reliability of the hearsay basis evidence since the appellant was adjudicated guilty of stalking and threatening violent conduct toward the mental health counselor after a disciplinary hearing (see Matter of State of New York v Floyd Y., 22 NY3d at 110). Moreover, the court providently exercised its discretion in determining that the probative value of the hearsay basis evidence in helping the jury evaluate the expert's opinion substantially outweighed its prejudicial effect. Indeed, the court minimized the prejudicial effect of that hearsay basis evidence by giving the jury an appropriate limiting instruction.
Contrary to the appellant's contention, under the circumstances, the Supreme Court providently exercised its discretion in declining to charge the jury, inter alia, that ASPD cannot, alone, form the basis for a finding of mental abnormality. The requested charge was unwarranted given that both experts advised the jury that the ASPD diagnosis, alone, would not predispose the appellant to commit sex offenses, and the State's expert explained, in effect, that the appellant's mental abnormality arose from a combination of disorders and personality traits.
The Supreme Court properly denied, as untimely, the appellant's request for a missing witness charge, as the request was made after all the evidence was presented and both sides had rested (see People v Sewnarine, 156 AD3d 459).
Finally, contrary to the appellant's contention, the Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires confinement rather than strict and intense supervision (see Mental Hygiene [*3]Law § 10.07[f]; Matter of State of New York v Larry B., 113 AD3d 865, 867; Matter of State of New York v Steven L., 66 AD3d 788, 789-790). The court's determination to credit the testimony of the State's expert is supported by the record, and thus, we find no basis to disturb it (see Matter of State of New York v Larry B., 113 AD3d at 867; Matter of State of New York v Richard W., 74 AD3d 1402, 1404).
The appellant's remaining contentions either are without merit or need not be reached in light of our determination.
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court