Matter of State of New York v Anthony A. (2023 NY Slip Op 04774)

Matter of State of New York v Anthony A.

2023 NY Slip Op 04774

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-08766
 (Index No. 5386/18)

[*1]In the Matter of State of New York, respondent,
v
Anthony A. (Anonymous), appellant.

Craig S. Leeds, New York, NY, for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Anthony R. Raduazo of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Anthony A., a sex offender who is alleged to require civil management, Anthony A. appeals from an order of the Supreme Court, Suffolk County (Richard Ambro, J.), dated March 9, 2020. The order, upon a finding, made after a nonjury trial, that Anthony A. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that Anthony A. is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 1996, the appellant was convicted, after a nonjury trial, of rape in the first degree and endangering the welfare of a child for raping his seven-year-old niece. Prior to the appellant's scheduled release from prison, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for civil management. Following a nonjury trial, the Supreme Court determined that the State had proven, by clear and convincing evidence, that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i). The court also determined, following a dispositional hearing, that the appellant was a dangerous sex offender requiring civil confinement (see id. §§ 10.03[e]; 10.07[f]), and, in effect, granted the petition and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement. This appeal ensued.
In reviewing a finding made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment that it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Bedford, 60 NY2d 492, 499; Matter of State of New York v Claude McC., 163 AD3d 686, 686).
Contrary to the appellant's contention, legally sufficient evidence supported the Supreme Court's verdict since there was a valid line of reasoning by which the court could conclude that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i) (see Matter of State of New York v Dennis K., 27 NY3d 718, 743-745; Matter of State of New York v Floyd Y., 135 AD3d 70, 72, affd 30 NY3d 963). Additionally, the verdict was not against the weight of the evidence, as it was warranted by the facts (see Matter of State of New York v Timothy R., 214 AD3d 738, 739-740; Matter of State of New York v Christian R., 200 AD3d 1046, 1048). The court's determination to credit the testimony of the State's expert witnesses is supported by the record, and we find no basis to disturb it (see Matter of State of New York v Patrick F., 217 AD3d 870, 872; Matter of State of New York v Ted B., 174 AD3d 630, 632).
The State also demonstrated, by clear and convincing evidence, that the appellant was a dangerous sex offender requiring civil confinement in a secure treatment facility (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Benjamin M., 199 AD3d 690, 690-693; Matter of State of New York v Raul L., 120 AD3d 52). At the dispositional hearing, the State's experts testified that, although the appellant declined to participate in interviews, a review of the relevant records revealed that the appellant's deviant sexual interests, overall poor impulse control, cognitive distortions, and antisocial attitudes and behaviors made it likely that he would sexually reoffend. The State also presented credible evidence that the appellant had failed to successfully engage in sex offender treatment, had not formulated an adequate relapse prevention plan, and had a continued inability to control his impulses (see Matter of State of New York v Patrick F., 217 AD3d at 870; Matter of State of New York v Benjamin M., 199 AD3d at 690-693).
The record, viewed in totality, demonstrates that, contrary to his contention, the appellant was not deprived of the effective assistance of counsel (see Matter of State of New York v Patrick F., 217 AD3d at 870; Matter of State of New York v Benjamin M., 199 AD3d at 693).
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court