Matter of State of New York v Kerry K. (2023 NY Slip Op 06255)

Matter of State of New York v Kerry K.

2023 NY Slip Op 06255

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-03971
 (Index No. 6246/13)

[*1]In the Matter of State of New York, respondent,
v
Kerry K. (Anonymous), appellant.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Timothy M. Riselvato, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Blair J. Greenwald of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Kerry K., a sex offender allegedly requiring civil management, Kerry K. appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated May 3, 2021. The order, upon a finding, made after a nonjury trial, that Kerry K. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 1981, the appellant, upon his plea of guilty, was convicted of rape in the third degree and was sentenced to five years of probation. In October 1997, he was convicted, after a jury trial, of rape in the first degree and sentenced to an indeterminate term of imprisonment of 7 to 21 years. Prior to his release from prison, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant (see id. § 10.06[a]). After a nonjury trial, the Supreme Court found that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i) (see id. § 10.07[f]). Following a dispositional hearing, the court concluded that the appellant was not a dangerous sex offender requiring civil confinement (see id. § 10.07[f]; see also § 10.03[e]). In an order dated June 25, 2015, the court granted the petition and directed the appellant's release into the community under strict and intensive supervision and treatment (hereinafter SIST) pursuant to Mental Hygiene Law § 10.07(f). However, in an opinion and order dated December 13, 2017, this Court reversed the order dated June 25, 2015, concluding that the Supreme Court had improperly relied upon hearsay evidence in finding that the appellant suffered from a mental abnormality (see Matter of State of New York v Kerry K., 157 AD3d 172, 185-189). This Court thus directed that the finding of mental abnormality be set aside and remitted the matter to the Supreme Court, Suffolk County, for a new trial on the issue of mental abnormality and, if necessary, a new dispositional hearing (see id. at 189).
Upon remittal, the State moved to reconfine the appellant pending the new trial on [*2]the issue of mental abnormality, and the Supreme Court granted the motion. In an opinion and order dated September 2, 2020, this Court affirmed that determination (see Matter of State of New York v Kerry K., 188 AD3d 30, 32-34).
In December 2020 and January 2021, the Supreme Court conducted a nonjury trial on the issue of mental abnormality. In a decision dated February 19, 2021, the court found that the State demonstrated, by clear and convincing evidence, that the appellant suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i). Following a dispositional hearing, in an order dated May 3, 2021, the court determined that the appellant is a dangerous sex offender requiring civil confinement (see id. § 10.07[f]; see also § 10.03[e]), granted the petition, and directed that the appellant be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement. This appeal ensued.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and it may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses" (Matter of State of New York v Kerry K., 157 AD3d at 185).
"Mental Hygiene Law article 10 is designed to reduce the risks posed by, and to address the treatment needs of, sex offenders who suffer from mental abnormalities that predispose them to commit repeated sex crimes" (Matter of State of New York v Dennis K., 27 NY3d 718, 726). "The law defines 'mental abnormality' as 'a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct'" (id. at 726, quoting Mental Hygiene Law § 10.03[i]). "The State bears the burden of proving a mental abnormality by clear and convincing evidence and must present expert testimony to prove 'a congenital or acquired condition, disease or disorder'" (Matter of State of New York v Timothy R., 168 AD3d 146, 150, quoting Mental Hygiene Law § 10.03[i]). The State not only "must . . . establish by clear and convincing evidence the existence of a predicate condition, disease[,] or disorder, [but] it must also link that condition, disease[,] or disorder to a person's predisposition to commit conduct constituting a sex offense and to that person's serious difficulty in controlling such conduct" (Matter of State of New York v Dennis K., 27 NY3d at 726 [internal quotation marks omitted]). "[T]he Court of Appeals has determined that conditions . . . which show only a general tendency toward criminality[ ] are insufficient predicates to establish mental abnormality as defined by the statute. . . . Thus, to prove that an offender with [such a condition] has a mental abnormality, the State must proffer clear and convincing proof of another diagnosis that suggests a particular tendency to commit a sex offense as defined by the statute" (Matter of State of New York v Timothy R., 168 AD3d at 151 [citations and internal quotation marks omitted]). Moreover, "[a] dangerous sex offender requiring confinement is a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility. The State must establish by clear and convincing evidence that the appellant is a dangerous sex offender requiring confinement" (Matter of State of New York v Timothy R., 214 AD3d 738, 740 [citation and internal quotation marks omitted]).
Contrary to the appellant's contentions, the evidence at trial, considered in the light most favorable to the State, was legally sufficient to demonstrate, by clear and convincing evidence, that the appellant suffers from personality disorders that predispose him to commit sex offenses, and that he has serious difficulty controlling such conduct (see Matter of State of New York v Dennis K., 27 NY3d at 744; Matter of State of New York v Anthony A., 219 AD3d 1524, 1525-1526). Nor was the Supreme Court's mental abnormality finding contrary to the weight of the evidence (see Matter of State of New York v Anthony A., 219 AD3d at 1526; Matter of State of New York v Christian R., 200 AD3d 1046, 1048). The State's experts, pyschologists John Thomassen and Joseph Voglewede, collectively established the existence of one or more predicate conditions through their opinions that the appellant suffers from antisocial personality disorder (hereinafter ASPD), sexual sadism disorder, psychopathy, and other specified personality disorder with narcissistic and antisocial traits (see [*3]Matter of State of New York v Dennis K., 27 NY3d at 733-734, 742-744; Matter of State of New York v Francisco R., 191 AD3d 989, 990; Matter of State of New York v Marcello A., 180 AD3d 786, 789; Matter of State of New York v Ezikiel R., 147 AD3d 959, 959-960). The appellant contends that the court's conclusion was incorrect because the diagnoses of ASPD and other specified personality disorder were insufficient to establish a predicate condition (see e.g. Matter of State of New York v Ronald S., 186 AD3d 1227, 1229), and the diagnoses of psychopathy and sexual sadism disorder were not supported by the record. However, even assuming that a diagnosis of psychopathy was improper in light of the appellant's average score across two Psychopathy Checklist-Revised (hereinafter PCL-R) tests (see Matter of State of New York v Marcello A., 180 AD3d at 790-791), the diagnosis of sexual sadism disorder, standing alone, was sufficient to constitute a predicate condition and was supported by the evidence (see Matter of State of New York v Ted B., 174 AD3d 630, 632). Contrary to the appellant's assertion with regard to that diagnosis, Thomassen adequately explained the basis of his opinion. The court's determination to credit Thomassen's testimony on that point over Voglewede's testimony was therefore supported by the record (see Matter of State of New York v Francisco R., 191 AD3d at 992; cf. Matter of State of New York v Marcello A., 180 AD3d at 789). In any event, Voglewede's testimony that the PCL-R score demonstrated that the appellant had a "high level of psychopathic traits," even assuming that it was insufficient to support a formal psychopathy diagnosis, could have been considered by the court in conjunction with the other diagnoses when deciding the mental abnormality issue (see Matter of Doy S. v State of New York, 196 AD3d 1165, 1167-1168; Matter of Suggs v State of New York, 142 AD3d 1283, 1284). The State's experts also "linked [the various] diagnoses to the appellant's predisposition to engage in conduct constituting the commission of sex offenses" (Matter of State of New York v Marcello A., 180 AD3d at 789). In addition, the evidence was sufficient to demonstrate that the appellant had serious difficulty controlling such conduct, especially considering, among other things, the detailed psychological portrait offered by the State's experts in conjunction with Voglewede's testimony in particular concerning the appellant's interactions with a woman in 2018 and his failure to engage in treatment (see Matter of State of New York v Floyd Y., 30 NY3d 963, 964; Matter of State of New York v Dennis K., 27 NY3d at 734-735; Matter of State of New York v Francisco R., 191 AD3d at 991; cf. Matter of State of New York v Ted B., 174 AD3d at 632). The court therefore properly found that the appellant suffers from a mental abnormality as defined by Mental Hygiene Law § 10.03(i) (see Matter of State of New York v Floyd Y., 30 NY3d at 964; Matter of State of New York v Kerry K., 157 AD3d at 185).
Further, contrary to the appellant's contention, the Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness required confinement rather than SIST (see Matter of State of New York v Anthony A., 219 AD3d at 1526; Matter of State of New York v Francisco R., 191 AD3d at 992). We find no basis to disturb the court's determination to credit the testimony of the State's experts, since it is supported by the record (see Matter of State of New York v Francisco R., 191 AD3d at 992).
The appellant's remaining contentions are either unpreserved for appellate review or without merit.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court