Matter of State of New York v Robert L. (2025 NY Slip Op 00101)

Matter of State of New York v Robert L.

2025 NY Slip Op 00101

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2020-08984
 (Index No. 3143/19)

[*1]In the Matter of State of New York, respondent,
v
Robert L. (Anonymous), appellant.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Dennis B. Feld, and Arthur Baer of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Blair J. Greenwald of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Robert L., a sex offender allegedly requiring civil management, Robert L. appeals from an order of the Supreme Court, Suffolk County (Richard Ambro, J.), dated October 22, 2020. The order, upon a finding, made after a nonjury trial, that Robert L. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 1997, the appellant was convicted, upon his plea of guilty, of three counts of rape in the first degree involving intercourse with a person less than 11 years old. In 1998, the appellant was convicted, upon his plea of guilty, of rape in the first degree involving intercourse with a person less than 11 years old. Prior to the appellant's release from prison, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, alleging that the appellant was a sex offender requiring civil management. After a nonjury trial, the Supreme Court found that the appellant suffers from a mental abnormality as defined by Mental Hygiene Law § 10.03(i). Following a dispositional hearing, in an order dated October 22, 2020, the court determined that the appellant is a dangerous sex offender requiring civil confinement, granted the petition, and directed that the appellant be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement. This appeal ensued.
"Mental Hygiene Law article 10 is designed to reduce the risks posed by, and to address the treatment needs of, sex offenders who suffer from mental abnormalities that predispose them to commit repeated sex crimes" (Matter of State of New York v Dennis K., 27 NY3d 718, 726). "The law defines 'mental abnormality' as 'a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct'" (id., quoting Mental Hygiene Law § 10.03[i]; [*2]see Matter of State of New York v Kerry K., 222 AD3d 655, 656-657; Matter of State of New York v Timothy R., 214 AD3d 738, 739-740). The State bears the burden of proving a mental abnormality by clear and convincing evidence and must present expert testimony to prove "a congenital or acquired condition, disease or disorder" (Matter of State of New York v Kerry K., 222 AD3d at 657 [internal quotation marks omitted]; see Matter of State of New York v Timothy R., 168 AD3d 146, 150). The State not only must establish by clear and convincing evidence the existence of a predicate condition, disease, or disorder, but must also link that condition, disease, or disorder to a person's predisposition to commit conduct constituting a sex offense and to that person's serious difficulty in controlling such conduct (see Matter of State of New York v Dennis K., 27 NY3d at 726; Matter of State of New York v Kerry K., 222 AD3d at 657; Matter of State of New York v Timothy R., 214 AD3d at 740).
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and it may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses" (Matter of State of New York v Kerry K., 222 AD3d at 656 [internal quotation marks omitted]).
Here, the State proved by clear and convincing evidence that the appellant suffers from a mental abnormality as defined by Mental Hygiene Law § 10.03(i) (see Matter of State of New York v Timothy R., 214 AD3d at 740; Matter of Patrick S. v State of New York, 188 AD3d 699, 700; Matter of State of New York v James N., 171 AD3d 930, 931). In particular, two expert witnesses testified that they had diagnosed the appellant with the conditions of pedophilic disorder, fetishistic disorder, and antisocial personality disorder with psychopathic traits, which, in combination, predisposed him to commit sex offenses and seriously impaired his ability to control such conduct (see Matter of State of New York v Geoffrey P., 196 AD3d 588, 589; Matter of State of New York v James N., 171 AD3d at 931). In addition, the appellant's sex offense history, his failure to engage with or make gains in sex offender treatment, and his disciplinary infractions while incarcerated all support the Supreme Court's finding (see Matter of State of New York v Kerry K., 222 AD3d at 659; Matter of Patrick S. v State of New York, 188 AD3d at 700; Matter of State of New York v James N., 171 AD3d at 931).
The appellant's remaining contentions either are unpreserved for appellate review, are without merit, or need not be reached in light of our determination.
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court