Matter of State of New York v K.W. (2025 NY Slip Op 06265)

Matter of State of New York v K.W.

2025 NY Slip Op 06265

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 30230/20|Appeal No. 5159-5159A|Case No. 2024-04551|

[*1]In the Matter of the State of New York, Petitioner-Respondent,
v
K.W., Respondent-Appellant.

Marvin Bernstein, Mental Hygiene Legal Service, New York (Naomi M. Weinstein of counsel), for appellant.
Letitia James, Attorney General, New York (Cleland B. Welton II of counsel), for respondent.

Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on or about January 31, 2024, which ordered respondent confined in a secure treatment facility as a dangerous sex offender, and bringing up for review an order, same court and Justice, entered on or about August 15, 2023, finding, after a nonjury trial, that respondent is a detained sex offender suffering from a mental abnormality within the meaning of Mental Hygiene Law article 10, and an order, same court and Justice, entered on or about January 29, 2024, finding, after a dispositional hearing, that respondent is a dangerous sex offender requiring confinement, unanimously affirmed, without costs.
The State proved by clear and convincing evidence that respondent has a mental abnormality that predisposes him to commit sex offenses and that results in his having serious difficulty in controlling such conduct, as defined by Mental Hygiene Law § 10.03 [i]; see Matter of State of New York v Dennis K., 27 NY3d 718, 743 [2016], cert denied 580 US 1023 [2016]; Matter of State of New York v Richard V., 228 AD3d 109, 118 [1st Dept 2024]). The State experts, among other things, credibly linked respondent's combined diagnoses of antisocial personality disorder and two substance use disorders (which were in remission during his confinement) to his predisposition to commit sex crimes and his serious difficulty in controlling his sex-offending behavior (cf. Matter of State of New York v. A.A., 238 AD3d 651, 652 [1st Dept 2025]; Matter of State of New York v David D., 206 AD3d 481, 485 [1st Dept 2022]; see also Matter of State of New York v Langston F., 236 AD3d 915, 917 [2d Dept 2025], lv denied 44 NY3d 903 [2025]).
Contrary to respondent's argument, we find that that these disorders, in combination, may provide the foundation for the mental abnormality finding where, as here, the experts testified that respondent's antisocial traits, including cognitive distortions, aggression, and impulsivity lead him, as evidenced by his extensive history of sex offending conduct, to seek sexual gratification without regard for the rules of society or the rights of others. Moreover, it shows that he suffers from a substance use disorder that simultaneously increases his sexual desire and removes the inhibitions that might otherwise prevent him from committing sex offenses.
Respondent's reliance on Matter of State of New York v George N. (160 AD3d 28 [4th Dept 2018]) is misplaced. That case found that a respondent's nonsexual misconduct consisting of the use of alcohol or drugs while on strict and intensive supervision and treatment (SIST) could not satisfy the State's obligation to prove the "inability" to control his sexual conduct required to revoke SIST in favor of secure confinement. It did not address whether an article 10 mental abnormality can be established based on expert testimony regarding the combination of a diagnosed substance use disorder and antisocial personality disorder, along with other considerations relevant to respondent's detailed psychological portrait.
Clear and convincing evidence also supports the finding that the mental abnormality from which respondent suffers involves such a strong predisposition to commit sex offenses and such an inability to control his behavior that he is likely to be a danger to others and to commit sex offenses if he is not confined to a secure treatment facility (see Mental Hygiene Law § 10.07 [f]; David D., 206 AD3d at 485-486). There is no valid basis to disturb the court's determination to credit the testimony of the State's experts to this effect (see Matter of State of New York v Kerry K., 222 AD3d 655, 659 [2d Dept 2023], appeal dismissed 41 NY3d 1012 [2024], lv denied 42 NY3d 910 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025